## Frederick Voltz *et al.*

*v.*

## John Stephani *et al.*

1. New Trial—*verdict against the evidence.* It is not error for a court to refuse to set aside a verdict, when the testimony on the part of the defendant is in direct conflict with that of the plaintiff; the credibility of the witnesses being, in such case, the point on which the finding of the jury must turn. And in such case, this court will not reverse the judgment, even though it would have been better satisfied, had the verdict been otherwise.

2. Evidence—*what facts not conclusive as to whom credit was given by a vendor of goods.* In an action brought by A against B and C , partners, to recover for certain goods alleged to have been sold to them, and the proof was conflicting, as to whether the credit for the same had been given to them, or to one D.: *Held,* that the mere fact that the goods were delivered to D , and the bills for the same made out in his name, was not conclusive evidence that the credit was given to him.   That question was for the jury to determine, upon the whole of the evidence.

3. Instructions—In such case, it was not error for the court to refuse an instruction to the jury, that if they found the goods were delivered to D and the bills made out in his name, that the suit could not be maintained; nor an instruction, that if they believed from the evidence, that the goods were delivered to D upon the order of B , one of the partners, a recovery could not be had; as such latter instruction, if given, would have misled them; there being proof that both of the partners authorized the delivery of the goods to D.

Appeal from the Superior Court of Chicago.

This was an action of assumpsit, brought in the Superior Court of Chicago, by the appellees, John Stephani and Jacob Stephani, against Frederick Voltz and Philip Schaffner, appellants, to recover for a bill of goods alleged to have been sold by them to appellants.   The case was tried before a jury, who found a verdict for the plaintiffs.   A motion for a new trial was made, which the court overruled, and rendered judgment on the verdict; whereupon the defendants appealed to this court.   The facts in the case are stated in the opinion.

Mr. C. B. Hosmer, for the appellants.

Messrs. Runyon & Avery, for the appellees.

Mr. Justice Walker delivered the opinion of the Court:

We are asked to reverse the judgment of the court below, because that court refused to grant a new trial. The first ground relied upon is, that the evidence fails to sustain the verdict. The question at issue was, whether the appellants were the purchasers of the goods in question, or whether the goods were sold and the credit given to Frederick, the brother-in-law of Voltz. It appears that appellees were liquor dealers, and that appellants were commission merchants in the city of Chicago, engaged in buying and selling produce. Litchenberger testified, that about the 9th day of October, 1865, he saw Voltz in appellees' store, talking about purchasing a bill of liquors for parties in Michigan. That afterwards, he, at the request of appellees, presented the bills upon which this suit was brought, to Schaffner, at appellants' office; that he then said it was all right, and would be paid in a few days, but they were then short of money.

Another witness testified that in October or November, 1865, he was present when Stephani presented the bill, and Voltz said it was all right and that he would pay it in three months; that Stephani said that was satisfactory. If the evidence of these witnesses is to be credited, there is but little doubt of the liability of appellants for the payment of this account. From it, there could be no doubt that Shaffner expressly recognized the liability for its payment; and that Voltz was present when the liquors were purchased; and the first witness further states, that Voltz stated to Stephani, that he purchased a bill of goods for parties in Michigan; and when this statement is considered with the evidence of the second witness, that Voltz said the bill was correct and he would pay it in three months, it may

be reasonably inferred that Voltz also recognized the liability of himself, if not his firm, for its payment. Uncontradicted or unimpeached, the jury could arrive at no other conclusion, from this evidence, than that appellants were to pay for the liquors.

It is, however, urged, that this evidence is overcome, by the fact that the bills were made out in the name of Frederick, and shipped to him at Hancock, in Michigan, where he was doing business, and he swears that he purchased the goods; that appellants had nothing to do with their purchase, except that he wrote them that he had ordered the goods, and wished them to see them shipped to him. There is no doubt but this evidence tends to contradict that introduced by appellees. It was, however, a question for the determination of the jury, to which they would give credit. And although the question is by no means free from doubt, and although we would have been better satisfied had the verdict been the other way, still we do not feel warranted in holding that the verdict is not sustained by the evidence.

The question to be determined was, to whom the credit was given. And ordinarily, the entry on the books of the creditor sheds light on such questions. But in this case, appellees did not present their books, nor did appellants call for their production. We are, therefore, deprived of the benefit of the evidence which their production would have afforded. Although it be the fact that the bills were made out in the name of Frederick as the purchaser, still that, under the circumstances, affords but inconclusive ground to determine that the credit had been given to him, and seems to have been overcome by the fact that the bills were presented to appellants, and they seem to have recognized their liability for their payment.

Again, it appears that Frederick had previously purchased liquors of appellees, but had always, up to that time paid cash; and no explanation is given for the change in the mode of their dealings. It also appears that when he purchased the first bill,

Voltz went with him to appellees, from which it may be inferred that they were unwilling to give him credit, until his brother-in-law participated in some way in the transaction, and the subsequent declarations of appellants would seem to indicate that they became responsible for the payment of the goods. At least the jury were not unwarranted in arriving at that conclusion, from all of the circumstances of the case.

· It is insisted that the court below erred, in refusing to give the first and second of appellants' instructions. They are these :

"1. The jury are instructed that if they find that the goods in question were delivered to Lewis Frederick, and the bills of sale of the same were made out by the plaintiffs in the name of said Frederick, that then they may presume the said Frederick was the purchaser, and this suit cannot be maintained against these defendants."

"2. The jury are further instructed that if they believe from the evidence, that said plaintiffs delivered said goods to said Frederick, on the order of Voltz, one of said defendants, it is not binding on these defendants, if the jury find that these defendants were partners at that time in the produce commission business, and not dealers then in liquors, and this suit cannot be maintained."

While the fact that the bills were made out in the name of Frederick, and the goods were delivered to him, was evidence tending to prove that the credit was given to him, still it was not conclusive, and it was a question for the determination of the jury, whether the presumption which it created was overcome by other evidence in the case. The first of these instructions would have excluded the other evidence from the consideration of the jury. It would have only required the jury to find that the bills were made in the name of Frederick and the goods were delivered to him, to have found for appellants. This instruction would have excluded the inquiry as to whom the credit was really given.

· · 8—46TH ILL.

The second instruction was calculated to mislead the jury. It would if given, have directed them, if they found that the goods were delivered on the order of Voltz, the firm would not be bound. This would, no doubt, be true, if it was without the authority of his partner; but there was evidence tending to show that it was probably authorized, or at least ratified by Schaffner when he agreed that the firm would pay these bills. Had Voltz acted without his consent, it is not probable, when the bills were presented, that he would recognize the liability of the firm for their payment. The court did right in refusing to give these instructions, and the judgment of the court below is affirmed.

*Judgment affirmed.*